Madam Clerk, please call the ready for the last case of the morning. 314-0198, J.R. Auto Transportation v. Sweet Car Lease, and Anthony Stanton. Counsel, you may proceed. Counsel, my name is Mark Lizzo. I have a question before you commence. You've got two Eppleys? Yes, sir. How are you splitting your time? Seven and a half minutes. Okay. This is an appeal from the decision of the Circuit Court of Will County, confirming the decision of the Commission, modifying the decision of the arbitrator. Basically, the issue, real issue in this case, was J.R. Auto Transportation, an employer of Anthony Stanley. The arbitrator found that it was not, found that Sweet Car was, and the Commission modified that decision to say, yes, Sweet Car is the employer of Anthony Stanley by virtue of their control and direction, and J.R. Auto Transport is also the employer by virtue of the agreement between them as evidenced by Sweet Car Exhibit 2. That's the only issue. The issue of whether or not Sweet Car is the employer is not before this Court. That was never appealed. And so the only issue that I'm arguing is the question of was J.R. Auto Transportation the employer. Is there a loan to employee issue? No, sir. There was not. Oh, really? That was not the issue. That was not an issue. The Commission did not find so. They found two employers, and they found that J.R. Auto Transport Well, the Commission didn't explain any basis. They did. They didn't say it was joint employment. Correct. They didn't say it was loan employment. Correct. They said by virtue, the J.R. Auto Transport, quote, by virtue of the agreement between them as evidenced by Fleet Exhibit 2, which Well, the point I'm making is they said both J.R. Auto and Fleet were employers, but they didn't go on to in any way elucidate whether it was a loaning and borrowing or whether it was joint employment or whatever. Nothing. We have an argument here by one of your opposing counsel that it was a loan employment situation. Well, had you noticed, which you're not worried about. If that were true, notice to me is notice to them. But I'm not arguing that. I'm arguing that J.R. Auto Transportation is not. I mean, I won't. Of course I won't. I don't have to bore you with the criteria on an independent contractor. You argued it in your brief, didn't you? Just as I think of You say you want Fleet to be on the hook, too. If I'm finding the employer And just on the fact that if there's two employers, the case law is that notice to one is notice to all. But the main argument is we all know that the criteria that has been established is defining independent contractor-employee-employee relationship. And, you know, we've got Roberson and Westcab and Wendholz and all those. And as we noted earlier in the case, it's a very vexing issue. It is. And even the case has recognized that it's not clear-cut. The commission has deference to go either way, depending on their findings. But it did say in Wendholz that although a contractual agreement is a factor to consider, it does not, as a matter of law, establish an employer-employee relationship. And that's what the commission has said here. By virtue of that and that alone, they're the employer. J.R. Auto is the employer. They go through an analysis and they find control and direction. They find all that with leads. They never say J.R. Auto had control. They never say because of the method of payment, the right to discharge, nothing. They say by virtue of this one piece of paper. Which says employer-employee, you know, we'll take out taxes, et cetera, et cetera, et cetera, all those things. Now, let me ask you this. If J.R. Auto was a loaning employer of this employee, which kind of looks that way because the agreement between J.R. and Fleet was that J.R. had to provide a driver, then really the issue of control doesn't mean too much because a loaning employer, by definition, gives up control to the borrowing employer. True? True. But that raises a whole other set of issues regarding all the other issues, specifically the notice and all the other issues. So usually in these cases, the issue of control is the most important issue in determining employer-employee. But in a case where the employee is loaned to somebody else, it kind of takes that issue out of the equation. But the findings of the commission, the facts don't find the loaning environment. They never found that. I mean, and I don't know why I can't put myself in their head because really the logical extension of this decision is if there's a piece of paper that says independent contractor, that's controlling. Because the commission said by virtue of this, J.R. Royal Transport is. They didn't say in addition to other factors, the quote is by virtue of this. By virtue of the Fleet Exhibit 2, which was that piece of paper on fleet car stationary that they had both the other parties sign. And it should be noted there's a lot of other. This was an agreement between J.R. Auto as employer and the claimant as driver. That's what the agreement was. I know fleet required it, but both J.R. and the claimant signed it, which says J.R. is the employer, claimant's an employee, et cetera, et cetera, et cetera. So you're saying if that's the case, then we have no more vexatious problems in this area. No, because we have, as you say, an independent. What your argument is, is that I don't want an independent contractor relationship with Joe or Susan. I just put together a piece of paper and labeled it as such. I'm done. The case law doesn't say that, does it? Sorry? Does the case law say that? The case law in itself is not sufficient. I mean, it's not sufficient. Right. Right. But the commission then is saying it is. So if this decision is affirmed that in front of, at least in front of the commission, that would be sufficient. Because if this is affirmed, they're saying by virtue of this one document he's the employer. And you've got to look at it. Excuse me. You know, the commission says, the commission, this is a quote, after reviewing the entire record, modifies the decision of the arbitrator. And it goes on to say that J.R. Otto is an employer by virtue of that agreement. And they affirm and adopt at least the arbitrator's decision that J.R. Otto is an employer. But just because they didn't go on and go through a full analysis, you know. Oh, I think that's significant. Because if it had been by the review of the entire record, we find that J.R. Otto Transport is the employer by virtue of this agreement and the other factors, it might be a different issue here. But they said, we reviewed the entire record, and the only reason we find against J.R. Otto Transport is this one piece of paper. They said they reviewed the entire record. They did. They said they reviewed the entire record by virtue of this one piece of paper. Well. It's their wording. We can affirm that finding. You know. If you affirm that finding. You know. We don't have to say that solely by virtue of that employment agreement that makes J.R. Otto an employer. But that's the condition. The American supports J.R. Otto being an employer. Well, there was no. I think Anthony Stanley testified. A, he applied to Fleet Car. A friend of his referred him to Fleet Car. He took all the direction and control from Fleet Car. He worked for Fleet Car. He had to do. If he wanted. He got his loads from Fleet Car. If he wanted to have somebody else help him, he had to be certified. The other person had to be certified by Fleet Car. He had to be certified by Fleet Car. But just as a preliminary matter, in response to Justice Stewart's question here, assuming what you're saying is accurate, that the commission engaged in an incomplete analysis or placed too much weight or exclusively weighted one factor, is there anything that precludes this court from examining the record and finding that its determination is supported by the evidence in the record using all of the appropriate factors under Roberson? But that would be finding. I mean, you could. But I think that would be going beyond the commission's decision. The commission made specific findings. And those findings. And then it goes to manifest. I guess. I don't know if it's so much. We can affirm the commission for any reason. Even if their reasoning is wrong. Even if their reasoning is wrong. Right. But their reasoning is contrary in this instance. It's contrary to the law. Because they say we reviewed the entire record. And we're basing it on this one. But what you seem to be saying is if there was nine factors that favored the independent contractor, but they base it on the agreement, it has to be reversed. We're saying we have to look at the entire record, not just the commission's focus on the agreement. But if they had found that just the one factor was control and direction, I'd say you're correct. But there is the Wethold case that says in this, the one thing they did rely on, you cannot rely on as a matter of law. That's correct, but it's the only factor. What you're saying is as a matter of law, we look at control and direction. Right? As a general concept. Correct. And that is a factor test. Correct? And so this decision does not articulate that general proposition of law, nor does it make findings on factors. It does as to Fleet Car. Let's stay away from that. You're not Fleet Car. Okay. Last I check. Thank you. Okay. We're talking about you and whether you've got an employee or an independent contractor. That's your whole issue here. Yes. Okay. So since they didn't start with that proposition of law or reference it by case law, and they didn't articulate any factors that a reviewing court can find as accepted as facts under a factor test, and they only referenced a written contract, arguably, and didn't do much analysis on the sufficiency of the contract, that this decision cannot support the finding they concluded. Correct. And so that arguably proper role of a reviewing court is to send it back with directions as to the proper law and the proper procedure of analysis. Well, my theory is that the arbitrator got it correct. He did the factual analysis. They didn't accept it. They didn't accept it. So we don't care about the arbitrator. But, I mean, the point was that a factual analysis was made of the factors. It doesn't matter. Okay. They didn't adopt the arbitrator's decision. No, but the commission also did. I said they didn't, did they, the commission? They made findings of fact about the factors. Who did? The commission. They did? They did. They said control, we find control in everything, and they didn't find it against JR. They did find control. I mean, I understand your position. Once again, if you want to sit over there with me, go right ahead. Okay. I want you to answer the questions. There's no need to make those determinations as to JR Auto Transportation. Thank you. Thank you. Unless I'm missing something here. Fleet doesn't own any trucks, and it doesn't provide the drivers. It leases the trucks from you, and you are required to provide a driver with that truck. Is that correct? Yes. So why isn't he a loaned employee? That wasn't the theory. I don't care what the theory is. Why isn't he a loaned employee? In reality. In reality, he probably is. Well, if he is a loaned employee, then you're joining me in settling a lot. They're obligated to pay, and if they don't pay, you pay. I agree, but that wasn't what the commission found. No, but the facts of the case. The facts would be correct. So if we were to determine that those were the facts of the case, don't we come out in the same place that the commission came out in, only for different reasons? No, because the commission said they don't have to pay because they didn't get notice. So if you find a joint in loan. . . But they'd be wrong in that particular case because notice to one is notice to the other. So it wouldn't be in the same place. They would have to pay. Right. So it wouldn't be in the same place. It would be close. Yeah, but if we were to find a loan employee as a basis for holding you liable, then in that particular case, we've got to address the notice question. Notice to either of you is notice to both of you. Exactly. That's simple, the notice issue. Correct. In which case, they're on the hook first. Correct. And that's okay with you? I don't think he cares about that. Yeah, I mean, you know, the agreement is that subsequent agreements would have to be litigated, not in front of this court, we would hope. But given the facts of the case, that's probably what it is, but nobody looked at it that way. And I know Fleet Car doesn't want to look at it that way because, you know, that's their business model. So thank you. If there's no more questions, thank you. I don't believe there are. Thank you, counsel. Counsel, you're going to split the seven and a half minutes? Yes. Okay. Yes, sir. May it please the court, your honors, counsel, Kenneth Newman for Anthony Stanley. On the issue of whether or not the commission decision was contrary to law, as your honor pointed out, on the very top of page 13 in the decision, it says based on the record as a whole. And there was a lot more in the record than just the contract between Mr. Stanley and J.R. Transportation. Somewhere in your argument, could you address what I think is, at this point, the overarching issue, whether or not this is a loan and avoid situation? Because if we find that, it's going to change the landscape. Yeah. No, I mean, he, Johnny Robinson hired Mr. Stanley to drive the truck. He owned the truck. And he was working on behalf of Fleet. So it was not addressed as such in the opinion, but honestly, it appears that that's what the situation is. Well, I mean, it occurs to me that from your standpoint, the only thing you care about is one of the two of them is on the hook. Right. Essentially. You don't particularly care which one it is. True. Although you'd probably rather have both on the hook, wouldn't you? In a perfect world, sure. Right. To protect the injured employee. Yeah. And that's what I have. And however it turns out, I just want to see who's compensated. Yeah. Practically speaking, from an indemnity concept, you want to go with a bigger employer. Pardon? Practically speaking, you want to go with a bigger employer who has compensation. That's what I'm saying. So really, once we get past the issue of the contract not being the only basis for the decision, there's plenty of other stuff in the record to support a finding of employment by JR as well as by Fleet. Then it just becomes a straight manifest way to the evidence analysis, and certainly I can delineate them. They're in the brief, but if I go down the list, there's probably eight or nine things I could point to that, in addition to the control that Fleet may have exercised, indicate that Robinson and JR Transportation were also an employer. Yeah, but if we deem it to be a long-servant relationship, it doesn't make any difference if they had control over it, does it? That's right. Once they long, they gave up control, but they retained liability. Right. I come back to just wanting to see my client compensated. Are there any other questions? I don't believe there are. Thank you. Thank you, Counsel. May it please the Court. Good morning, Your Honors. Good morning, Counsel. My name is Mark Subcheck. I'm here on behalf of Abilene Fleet. Justice Hoffman talked about the borrowed-loan-servant potential analysis here. I think that, based on your questions, that's certainly on your minds. And, again, neither JR Auto nor the Commissioner, the Commission did not find a borrowed-loan-servant arrangement. Did anybody argue? No. JR Auto did not argue that. And, as explained in our brief, we think they waived that point. That only applies to them. That doesn't apply to us. No, and I would agree. Another question is, under the Commission's decision, who was liable? Under the Commission's decision? Yes. Under the Commission's decision, JR Auto was liable. And what about Fleet? Fleet wasn't liable for what reason? Timely notice was not provided as required. But if we determine, based on the facts of this case, that JR Auto certainly is liable as a loaning employer, and you are liable as a borrowing employer, and then reverse the Commission on the question of notice, because notice to one is notice to all, why can't we decide the case based upon what's in the record? We can affirm them for any reason we want. Even if it's not our argument? I'm sorry? Even if it's not our argument? Even if it's not our argument. Well, certainly it's court-to-jurisdiction to consider those arguments. But I think even if you take the next logical step from your argument, notice, let's say, just for the sake of argument. Has anyone appealed the finding of no notice to you? No. That's an interesting question. Well, JR Auto argued in their brief that because of a loan-borrowing employer, it was defective notice rather than no notice. As an alternative argument, they did. But it's also interesting that in their notice of appeal, they're asking for complete reinstatement of the arbitrator's decision. If they do that… Because the lawyer found them not liable. Exactly. But the arbitrator also found there was no notice to Fleetcar. Stanley didn't appeal. We didn't appeal. Or, I'm sorry, Fleetcar didn't appeal. So that issue, I think that the only relief requested in this case right now, results for, if your honors agree, would be reinstatement of the arbitrator's decision. The arbitrator found there was not timely notice to Fleet. That's that. But there's another point. Going back to the borrow-and-loan-servant argument, under Section 184 of the statute, the division, the jointly and severally liable portion, in a borrowing and serving relationship, there's a joint and several liability between the borrowing and the loaning employer. But there's also language in that statute that says, absent an agreement to the contrary. We have an agreement to the contrary here. On page 219 of the record, paragraph 15, there's an indemnity agreement. There's an agreement that J.R. Otto will indemnify, hold harmless, and defend Fleet for workers' compensation claims such as Mr. Sam's. If you're correct, and no one has appealed the finding of no notice to you, I suppose we can find under a loan-servant relationship that J.R. Otto is a loaning employer and find them liable, but I don't know how we can reverse the finding on notice. So what you've got is you've got a statute that says, if you're the borrowing employer, you're primarily liable. And if you don't pay, they have to pay, and the liability is joint and several. So I suppose the question becomes, if we can't attack the finding on no notice to you, and you stay out, then J.R. has got to pay anyway. Because he's the only one on the hook. Agreed. Well, let me ask a question. Nobody appealed any finding ever to the Fleet? The only notice of appeal from the circuit court was, you know, the claimant didn't file a cross-appeal? Nope, no cross-appeal. What are you doing here? I'm here... What are you doing here if nobody appealed anything that has anything to do with Fleet? I am arguing based on... I am arguing in opposition to Fleet's alternative argument. Right. That's why I'm here. Not Fleet. It's J.R. I'm sorry. I apologize, Your Honor. Because you can see... J.R., sorry. You can see... Well, why didn't you move to dismiss or strike or whatever if this is an issue that couldn't even be raised because it wasn't appealed? Well, to be honest, Your Honor, I didn't know this file existed before two weeks ago, so I can't explain that. But you don't have certainty that a court isn't going to find a loaned employee relationship and then backdoor into notice. I think that... I think that the commission's decision and the record in the case is sufficiently unclear that it was worth coming here and explaining Fleet's position. Okay. Yeah. I suppose the plaintiff's position or the petitioner's position is he argues against the repeal because if he were to win his appeal, he has nobody. That's right. I mean, that's the situation he's left with. He has nobody. You're out because of notice, and he's out because of the commission finding. Correct. But Petitioner Stanley also reiterated the same argument in their appellee's brief that J.R. Otto had made regarding notice. They made the same argument, the Silica Sand case argument. So Mr. Stanley and J.R. are completely aligned in this idea, in this imputed notice argument, which is that under Silica Sand and borrowing a loaned servant, you know, defective notice is not notice in the whole nine yards. So for that reason, we thought it would be a good idea to come and make sure Fleet's position is clearly stated. But here, nobody has appealed that finding. It was the arbitrator found that there was no notice. The commission found that there was no notice, and the circuit court affirmed. Stanley didn't appeal it. J.R. Otto appealed asking for reinstatement of the arbitrator's decision that found no notice. So unless your honors have any additional questions. I don't believe we do. Thank you. Thank you very much. Counsel, you may reply. Just very briefly, the issue of notice wouldn't have been an issue because there was no finding of loaning and borrowing. So that wasn't an issue until it was raised by this court, really. Right. So there was nothing to appeal because that was not an issue. Right. Thank you. Thank you, counsel, for all of your arguments in this matter. This morning, it will be taken under advisement that this position shall issue. The court will stand and recess subject to call. Thank you.